Ruoting Men (WSBA No. 63842)
GLACIER LAW LLP
506 SECOND AVENUE, SUITE 1516
SEATTLE, WA 98104
Ruoting.men@glacier.law
Tel: +1 (212)729-5049

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Yiwu Jieya E-Commerce Co. Ltd.,

    *Plaintiff*,

v.

Liang Xu.

    *Defendant*.

**Case No. 25-cv-1595**

**Complaint For Declaratory Judgment**

**Jury Trial Demand**

# COMPLAINT

This is an action brought under the Declaratory Judgment Act by Plaintiff Yiwu Jieya E-Commerce Co. Ltd. ("Plaintiff"), against Defendant Liang Xu ("Defendant"), seeking a declaration that U.S. Patent No. 12,274,337 B2 (the "'337 Patent") is invalid under one or more provisions of the Patent Laws of the United States, including 35 U.S.C. §§ 101, 102, 103, and/or 112. Defendant has asserted the '337 Patent against Plaintiff's products by filing infringement complaints with Amazon.com, Inc. ("Amazon"), which resulted in the removal or threat of removal of Plaintiff's product listings identified by ASINs B0C5M4FXD3, B0C8C6ZFXW, B0CXM6G39D, B0CJ4VR1DK, B0C58QHVHZ, B0C58QSJPV, and B0DG8L177D (collectively, the "Accused Products"). Defendant's actions have created an actual and justiciable

-1-

controversy between the parties. Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiff alleges as follows:

## INTRODUCTION

1. Plaintiff received a notice from Amazon.com ("Amazon") dated August 6, 2025, stating that Amazon had received a report from Defendant alleging that Plaintiff's products identified by ASINs B0C5M4FXD3, B0C8C6ZFXW, B0CXM6G39D, B0CJ4VR1DK, B0C58QHVHZ, B0C58QSJPV, and B0DG8L177D (the "Accused Products") infringe U.S. Patent No. 12,274,337 B2 (the "'337 Patent"). *See* **Exhibit A**.

2. As a direct result of Defendant's assertion of the '337 Patent through Amazon's complaint system, Plaintiff's product listings have already been removed from Amazon. This takedown has caused, and continues to cause, significant harm to Plaintiff, including the loss of sales, market access, and associated goodwill.

3. The '337 Patent is invalid under 35 U.S.C. § 102 because the claimed subject matter lacks novelty. Plaintiff's products embodying the same structure and features claimed in the '337 Patent were publicly sold and available in commerce more than one year before the filing date of the '337 Patent. Accordingly, the asserted claims are anticipated by Plaintiff's own prior sales and other prior art references already available in the public domain.

## NATURE OF THE ACTION

4. This is an action under the Declaratory Judgment Act, 28 U.S.C.§§ 2201 and 2202, seeking a declaratory judgment that Defendant's '337 Patent is invalid under at least 35 U.S.C. §§ 102, 103 and/or 112.

5. This action further seeks damages for Defendant's tortious activities.

## PARTIES

COMPLAINT

GLACIER LAW LLP
506 SECOND AVENUE, SUITE 1516
SEATTLE, WA 98104
212-729-5049

6. Plaintiff YIWU JIEYA E-COMMERCE CO. LTD. is a corporation organized and existing under the laws of the People's Republic of China, with its registered business address at 4th Floor, Unit 2, Building A3, No. 117 Qiushi Road, Beiyuan Subdistrict, Yiwu City, Jinhua, Zhejiang Province 322000, China.

7. Upon information and belief, Defendant Liang Xu is an individual residing in Suzhou, Jiangsu Province, People's Republic of China, with a mailing address at Room 104, Building 26, Charm Garden, Xiangcheng District, Suzhou, Jiangsu Province 215100, China. Upon information and belief, Defendant is registered as the assignee of the '337 Patent.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 100 et seq.

9. An actual case or controversy exists between the parties to this action. Defendant's actions have caused and continue to cause significant harm to Plaintiff as the Accused Products have already been removed from Amazon through the enforcement of the '337 Patent. Defendant's actions thereby give rise to an actual controversy under 28 U.S.C. §§ 2201 et. seq.

10. This Court has personal jurisdiction over Defendant in this action at least because Defendant initiated and continues to pursue enforcement proceedings concerning the '337 Patent within this judicial district. *See*, e.g., *Campbell Pet Co. v. Miale*, 542 F.3d 879, 884–86 (Fed. Cir. 2008) (holding that specific personal jurisdiction is satisfied by a patentee's "extra-judicial patent enforcement" efforts in the forum state). Specifically, Defendant submitted a complaint of infringement of the '337 Patent to Amazon.com, Inc. ("Amazon"), which has a place of business located at 410 Terry Ave. N, Seattle, WA 98109. Each claim presented herein arises from

Defendant's actions directed at this forum, establishing sufficient minimum contacts under Washington's Long-Arm Statute, RCW 4.28.185.

11. For the same reasons, venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this action took place within this District.

## THE ACCUSED PRODUCTS

12. On or about August 6, 2025, Amazon sent a notice to Plaintiff stating that Plaintiff's product listings identified by ASINs B0C5M4FXD3, B0C8C6ZFXW, B0CXM6G39D, B0CJ4VR1DK, B0C58QHVHZ, B0C58QSJPV, and B0DG8L177D (the "Accused Products") were removed from the platform following a patent infringement complaint. A true and correct copy of the notice from Amazon is attached hereto as **Exhibit B.**

13. In the notice, Amazon informed Plaintiff that the right owner of the '337 Patent is identified as "JUDYBRIDAL" with the contact email orientdress2014@hotmail.com. *Id.* Upon information and belief, "JUDYBRIDAL" acted on behalf of, or is otherwise associated with, Defendant Liang Xu, who is the named inventor and current assignee of the '337 Patent. *Id.*

14. The Amazon marketplace constitutes Plaintiff's primary sales channel in the United States. Because of Defendant's infringement complaint, Plaintiff's listings for the Accused Products have already been removed from Amazon, thereby cutting off access to Plaintiff's most significant channel of trade. As a result, Defendant's actions have caused, and continue to cause, immediate and irreparable harm to Plaintiff, including loss of sales, market share, and associated goodwill.

## U.S. PATENT NO. 12,274,337 B2

15. Upon information and belief, the '337 patent was issued to Defendant Liang Xu as both the named inventor and current assignee. *See* **Exhibit A**.

16. The '337 Patent is entitled "Pen holder" and generally discloses a rotating pen-holder assembly comprising a base and a frame with an accommodating chamber for pens/office supplies, and a resistance-reducing device (e.g., balls on a ring-shaped bracket/groove) enabling smooth rotation of the frame relative to the base. *See **Id.***

17. The '337 Patent was issued on April 15, 2025. The '337 Patent has two independent claims 1 and 16, along with multiple dependent claims. *See **Id.***

18. On August 4, 2025, Plaintiff filed a third-party request for ex parte reexamination of the '337 Patent before the United States Patent and Trademark Office ("USPTO"), challenging the validity of the asserted claims on the ground that the claimed subject matter lacks novelty in view of prior sales and prior art references. The USPTO acknowledged receipt of Plaintiff's reexamination request under Control No. 90/015,426. *See* **Exhibit C**.

## COUNT I
## (DECLARATORY JUDGMENT OF INVALIDITY OF ONE OR MORE CLAIMS OF THE '337 PATENT)

19. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

20. An actual, continuing, and justiciable controversy exists between Plaintiff and Defendant concerning the validity of the '337 Patent, as evidenced by Defendant's infringement complaints to Amazon that resulted in the removal of Plaintiff's product listings.

21. The claims of the '337 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of the provisions of the patent laws of the United States, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

22. In particular, the asserted claims of the '337 Patent are invalid under 35 U.S.C. § 102 for lack of novelty. Plaintiff's products embodying the same structures claimed in the '337

Patent were publicly sold and available in commerce more than one year prior to the earliest filing date of the '337 Patent (September 19, 2024), thereby anticipating the asserted claims. In addition, the claims are invalid under 35 U.S.C. § 103 as obvious in view of prior art combinations.

23. Wang (CN219133695U, "Rotary pen container base") Published June 6, 2023 (filed Dec. 21, 2022). It discloses a pen-holder body mounted on a rotatable base layer, with central retention via a threaded sleeve and limit bolt; rotation is supported by metal balls captured in circular grooves of stacked limiting plates so the balls contact both an upper gasket and the base to reduce friction. This teaches a low-friction rolling interface between a container and its base and an axial constraint/anti-separation scheme—both relevant to the '337 patent's ball-supported rotation and retention themes. Wang alone or in combination with other prior art can invalidate all claims of the '337 patent. *See* **Exhibit D**.

24. Song (CN218577380U, "Pen container") Published March 7, 2023 (filed Aug. 1, 2022). It teaches a base and container structure connected by an annular turntable set in a recessed cavity, with a rolling structure of circumferentially distributed balls, each sleeved with a roller engaging the cavity wall; it also includes an anti-fall/retaining mechanism using a hollow central column, hook, and locking hole to prevent separation, plus compartmentalized storage. This directly maps to the '337 patent's annular raceway + ball/roller bearing between base/frame and its retention features to keep the rotating parts coupled. Song alone or in combination with other prior art can invalidate all claims of the '337 patent. *See* **Exhibit E**.

25. Zhang (CN201211808Y, "Rotary type pen container") Published March 25, 2009 (priority June 27, 2008). It discloses a base with an annular groove and a combined guide wheel formed by an annular packing ring having ball-filled holes, with the ball diameter larger than the ring thickness so the balls simultaneously contact the base groove and the container underside; a

central screw hole fixes the assembly, and the container interior is divided into four compartments. This is an early teaching of an annular ball race for low-friction rotation of a pen holder relative to its base, aligning with the '337 patent's core rotational bearing concept and central fastening/retention ideas. Zhang alone or in combination with other prior art can invalidate all claims of the '337 patent. *See* **Exhibit F**.

26. Defendant's baseless infringement reports on the Amazon platform have caused imminent and real threat of an infringement lawsuit. Defendant's submission of the infringement complaint to Amazon has caused, and continues to cause, immediate and irreparable harm to Plaintiff by removing its product listings, cutting off access to its primary U.S. sales channel, and threatening further enforcement actions. *See* **Exhibit G**.

27. A substantial, immediate, and real controversy exists between Plaintiff and Defendant regarding the validity of the '337 Patent.

28. Plaintiff seeks a declaratory judgment that the claims of the '337 Patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with one of more of the provisions of the patent laws of the United States, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

29. Plaintiff is also entitled to recover damages caused by Defendant.

## COUNT II
### (Tortious Interference with Contractual Relations)

30. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

31. Under Washington law, the elements of a claim for tortious interference with a contractual relationship are: (1) the existence of a valid contractual relationship or business expectancy; (2) that defendants had knowledge of that relationship; (3) an intentional interference

inducing or causing a breach or termination of the relationship or expectancy; (4) that defendants interfered for an improper purpose or used improper means; and (5) resultant damage. *Tacoma Auto Mall, Inc. v. Nissan North America, Inc.*, 279 P.3d 487, 498 (Wash. Ct. App. 2012).

32. Plaintiff has a valid and existing contract with Amazon in order to sell its products through Amazon.com.

33. Plaintiff is informed and believes, and on that basis alleges, that Defendant knew of Plaintiff's contractual relationships with Amazon.

34. Plaintiff is informed and believes, and on that basis alleges, that Defendant intentionally interfered with those contractual relationships and furthermore knowingly and in bad faith asserting materially false allegations of patent infringement against Plaintiff in order to have Plaintiff's listing removed and eliminate Plaintiff's lawful competition.

35. As a result of Defendant's improper acts, Plaintiff' listings were removed from Amazon. Defendant's improper acts interfered with Plaintiff's existing contracts with Amazon, including but not limited to the Amazon Services Business Solutions Agreement, impacting Plaintiff's abilities to fulfill their contractual obligations with Amazon.

36. As a result of Defendant's improper acts, Plaintiff's contractual relationships and/or business expectancy with Amazon are compromised, and Plaintiff has suffered interruptions of their ongoing business activities with Amazon.

37. As a result of Defendant's improper acts, Plaintiff has suffered direct, proximate, and foreseeable damages and continues to suffer direct, proximate and foreseeable damages.

38. Defendant's efforts to have Plaintiff's products delisted through improper means was and is in itself unlawful and fraudulent.

39. By reason of Defendant's acts, Plaintiff is entitled to equitable remedies and damages in an amount to be proven at trial.

## COUNT III
### (Unfair Competition in Violation of the Washington Consumer Protection Act (RCW 19.86.020 et seq.))

40. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

41. The Washington Consumer Protection Act (CPA) makes unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Rev. Code Wash. 19.86.020. The elements for a private CPA claim are: 1) an unfair or deceptive act or practice, 2) occurring in trade or commerce, 3) affecting the public interest, 4) injury to a person's business or property, and 5) causation." *Panag v. Farmers Ins. Co. of Wash.*, 204 P.3d 885, 889 (Wash. 2009).

42. Upon information and belief, Defendant offers for sale a variety of products on Amazon, including but not limited to office supply products such as pen holders, which compete with Plaintiff's Accused Products.

43. It is in the public interest for consumers to be able to choose from a wide variety of products when shopping online such as on Amazon.

44. Defendant engaged in unfair competition in violation of Washington's Consumer Protection Act, RCW 19.86.020 et seq., by committing an unfair or deceptive act that deceived the intended audience in Washington, occurred in trade or commerce, impacted the public interest in Washington, and directly caused injury to Plaintiff's business and property. Defendant's patent infringement complaints were made in bad faith and without a reasonable basis in fact or law.

45. As a result of Defendant's conduct, Plaintiff is entitled to damages in an amount to be proven at trial, including reasonable attorneys' fees, costs, and treble damages under RCW 19.86.090.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. For judgment in favor of Plaintiff against Defendant on all claims;

B. Declaring that the claims of the '337 Patent are invalid for failing to satisfy the criteria of 35 U.S.C. §§ 102, 103 and/or 112;

C. Preliminary and permanent injunctions ordering Defendant to withdraw all Amazon infringement complaints lodged against the Plaintiff's Accused Product based on the '337 Patent, and to refrain from lodging any further infringement complaints regarding the same (the "Order");

D. Ordering Defendant to return to the Court with proof of compliance of the Order within seven (7) days of entry thereof, with a copy served on Plaintiff's attorney;

E. A finding that this case is exceptional and an award to Plaintiff of their costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285;

F. Awarding Plaintiff damages due to Defendant's improper acts, doubled and/or trebled due to the willful and exceptional nature of the case;

G. Awarding Plaintiff their costs of suit, including the costs of experts and reasonable attorneys' fees pursuant to, inter alia, Washington's Consumer Protection Act, due to the exceptional nature of this case, or as otherwise permitted by law;

H. Awarding Plaintiff compensatory, general and special, consequential and incidental damages in an amount to be determined at trial;

I. Awarding Plaintiff exemplary, punitive, statutory, and enhanced damages;

J.    Awarding pre- and post- judgment interest; and

K.    Awarding Plaintiff such other and further relief as this Court deems is just and proper.

### JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted,

Date: August 20, 2025

By: /s/ Ruoting Men
Ruoting Men, Esq. (WSBA No. 63842)
GLACIER LAW LLP
506 SECOND AVENUE, SUITE 1516.
SEATTLE, WA 98104.
Ruoting.men@glacier.law
Tel: +1 (212)729-5049

*Counsel for Plaintiff*