UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YIWU JIEYA E−COMMERCE CO. LTD., <br><br> Plaintiff, <br> v. <br> LIANG XU et al., <br><br> Defendants. | CASE NO. 2:25-cv-01595-LK <br><br> ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ALTERNATIVE SERVICE |

This matter comes before the Court on Plaintiff Yiwu Jieya E-Commerce Co. Ltd.'s Motion for Alternative Service. Dkt. No. 30. Defendants Liang Xu and JUDYBRIDAL have not responded to the motion. For the following reasons, the Court grants the motion in part and denies it in part.

## I.  BACKGROUND

The Court adopts the factual background set forth in its September 29, 2025 Order, Dkt. No. 25, with the additional relevant facts below.

Plaintiff filed its complaint in this case on August 20, 2025, Dkt. No. 1, followed by a motion for a temporary restraining order ("TRO") on September 8, 2025, Dkt. No. 7. On September 19, 2025, the Court granted Plaintiff's motion for a TRO prohibiting Defendants from

submitting further infringement complaints to online platforms and ordering Defendants to retract their prior patent infringement complaints against Plaintiff's rotating desk organizers on the Amazon platform. Dkt. No. 25 at 12. On October 3, 2025, the Court granted Plaintiff's motion for a preliminary injunction providing the same relief. Dkt. No. 29. This motion for alternative service followed on October 23, 2025. Dkt. No. 30.

## II. DISCUSSION

Plaintiff seeks an order authorizing alternative service of process via email on Defendants—who are located in the People's Republic of China—pursuant to Federal Rule of Civil Procedure 4(f)(3) and 4(h)(2), or in the alternative, under Federal Rules of Civil Procedure 4(e)(1) and 4(h)(1)(A) "as incorporated through Washington Civil Rule 4(d)(4)." *Id.* at 1. Plaintiff avers that service through email is warranted because (1) "[p]roceeding through the Hague Convention would be unduly burdensome and time-consuming," and (2) the email address at which Plaintiff seeks to serve Defendants is "an effective channel of communication for both Defendants," as demonstrated by the fact that both Defendants appeared through counsel after Plaintiff sent its TRO motion and supporting papers to that email address (i.e., orientdress2014@hotmail.com, the email address identified in Amazon's infringement notice as the contact for "JUDYBRIDAL"). *Id.* Should the Court "decline to authorize" Plaintiff to serve Xu at that address, Plaintiff proposes in the alternative to serve him through (1) the emails of Defendants' counsel of record or (2) the "addresses of record for the '337 Patent, services@hemisphere-law.com and us@hoyi-ip.com, as reflected in USPTO records." *Id.* at 2.

Defendant Xu "is an individual residing in Jiangsu Province, People's Republic of China," while Defendant JUDYBRIDAL "is an entity or alias name used in connection with the assertion and enforcement of the '337 Patent on the Amazon.com platform." Dkt. No. 14 at 3–44; *see also*

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ALTERNATIVE SERVICE - 2

Dkt. No. 23 at 1 (describing JUDYBRIDAL as an "Amazon.com storefront").[1] Federal Rule of Civil Procedure Rule 4(f), which is directed to "serving an individual in a foreign country," provides that an individual "may be served at a place not within any judicial district of the United States" in one of three ways:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>>
>> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>>
>> (C) unless prohibited by the foreign country's law, by:
>>
>>> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>>>
>>> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Federal Rule of Civil Procedure 4(h)(2) provides that service on a foreign corporation, if done

---

[1] Defendants are subject to personal jurisdiction in this Court under Federal Rule of Civil Procedure 4(k)(2) because (1) Plaintiff's claim arises under federal law, (2) the record does not suggest that Defendants are subject to jurisdiction in any state's courts of general jurisdiction, and (3) the exercise of jurisdiction comports with due process, as Defendants purposefully directed their activities at the United States by obtaining a United States patent and enforcing the ensuing patent rights in this country through infringement complaints to Amazon. *See Synthes (U.S.A.) v. G.M. Dos Reis Jr. Ind. Com de Equip. Medico*, 563 F.3d 1285, 1293–94 (Fed. Cir. 2009); *Campbell Pet Co. v. Miale*, 542 F.3d 879, 886–87 (Fed. Cir. 2008) (finding jurisdiction over a patentee whose "extra-judicial patent enforcement"— namely, enlisting a third party to remove defendant's products from a trade show that was being held in the forum state—went beyond merely informing the defendant of its alleged infringement); *Shenzhen Wanfan Tech. Co. v. Orbital Structures Pty Ltd.*, No. 23-CV-02330, 2024 WL 325339, at *6 (N.D. Ill. Jan. 29, 2024) (foreign defendant had sufficient contacts with the United States under Rule 4(k)(2) through registering its patent here and making an infringement complaint through Amazon, resulting in the takedown of plaintiff's product listings); *Genetic Veterinary Scis., Inc. v. LABOKLIN GmbH & Co. KG*, 933 F.3d 1302, 1311 (Fed. Cir. 2019) ("[Defendant]'s enforcement of a U.S. patent, as well as the interest of [plaintiff] in determining whether it could be potentially liable for infringement, weigh in favor of finding jurisdiction reasonable").

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ALTERNATIVE SERVICE - 3

outside of the United States, shall be effected "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under [subsection] (f)(2)(C)(i)]," unless "federal law provides otherwise[.]" Although a party is not required to attempt service by other methods before petitioning the court for alternate service of process pursuant to Rule 4(f)(3), whether "the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)" is "commit[ted] to the sound discretion of the district court[.]" *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).

The Hague Convention applies in civil or commercial cases in which judicial or extrajudicial documents are transmitted for service abroad. *See* Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"), Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638. Under the Hague Convention, to which both China and the United States are signatories, each member state provides a "central authority" that is responsible for receiving and effecting service from abroad consistent with the member state's domestic policies. *See* HCCH, *Status Table* (Mar. 21, 2024), *available at* https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited Nov. 17, 2025); *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698–99 (1988).

As relevant to JUDYBRIDAL, the Convention expressly does not apply "where the address of the person to be served with the document is not known." Hague Convention art. 1. The record before the Court reflects that the only contact information available for JUDYBRIDAL is (1) the email address listed on Amazon, Dkt. No. 7-13 at 2, and (2) JUDYBRIDAL's United States counsel's information, Dkt. No. 23 at 10. Thus, the Hague Convention does not apply to that Defendant, and service is proper under any subsection of Rule 4(f). *Rio Props.*, 284 F.3d at 1015 & n.4. This Court concludes that service upon United States counsel for JUDYBRIDAL—to the extent it is an entity capable of being sued—at counsel's physical addresses is appropriate under

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ALTERNATIVE SERVICE - 4

Rule 4(f)(3). *See id.* at 1016 ("[T]rial courts have authorized a wide variety of alternative methods of service including . . . delivery to the defendant's attorney[.]"). This method of service of process also comports with constitutional notions of due process because it is "reasonably calculated, under all the circumstances, to apprise [the] interested part[y] of the pendency of the action and afford [it] an opportunity to present [its] objections." *Id.* at 1016–17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)). JUDYBRIDAL has appeared and submitted a brief in this case through counsel located in both Washington and Illinois, and as required by the Local Rules, counsel listed their addresses in their signature blocks and their CM/ECF information. *See* LCR 10(f); *see also, e.g.*, Dkt. No. 23 at 10. Service of JUDYBRIDAL's counsel is reasonably calculated to formally apprise JUDYBRIDAL of the action. *See Eagles Nest Outfitters, Inc. v. Taomore, Inc.*, No. CV 23-466-GW-EX, 2023 WL 11814256, at *1–2 (C.D. Cal. Feb. 24, 2023) (finding that service of defendant who resided in China through counsel comported with due process); *Wang v. Ehang Holdings Ltd.*, No. 20-CV-00569-BLF, 2020 WL 11891323, at *4 (N.D. Cal. June 29, 2020) ("The Court can reasonably infer that attorneys are likely to apprise their client of this action because they hold themselves out as [defendant's] agent or counsel on public documents."); *Sec. & Exch. Comm'n v. Jammin Java Corp.*, No. 2:15-cv-08921-SVW-MRW, 2016 WL 6650849, at *2 (C.D. Cal. Apr. 21, 2016) (service of a foreign defendant through domestic counsel comported with due process where there was "sufficient evidence that [defendant] [wa]s in contact with his U.S.-based counsel and [wa]s aware of the instant case"). Therefore, Plaintiff may serve JUDYBRIDAL at its U.S.-based counsel's physical addresses.

       As relevant to Xu—whose address is known, *see* Dkt. No. 1 at 3—the Convention applies. In contrast to JUDYBRIDAL, though, Plaintiff has not demonstrated that "the particularities and necessities of [this] case require alternate service of process" for Xu under Rule 4(f)(3). *Rio Props.*, 284 F.3d at 1016. Plaintiff does not indicate that it has made *any* effort to serve Xu, instead

asserting in conclusory fashion—with no supporting facts or declaration as required by Local Civil Rule 7(b)(1)—that service through the Hague Convention would be "unduly burdensome and time-consuming." Dkt. No. 30 at 4. Nor does Plaintiff show that other extenuating circumstances warrant the Court's intervention, such as evasion of service or a need for urgent service. *See Rio Props.*, 284 F.3d at 1015–16; *see also, e.g.*, *Akerson Enters. LLC v. Shenzhen Conglin E-Com. Co.*, No. 24-CV-00506, 2024 WL 3510934, at *4 (W.D. Wash. July 23, 2024) (denying motion for alternate service where movant "failed to demonstrate that the facts and circumstances of this case warrant special service" and "the record suggest[ed] that [movant] ha[d] made *no* attempts to serve Defendants through the Hague Convention or otherwise"); *Rubie's Costume Co., Inc. v. Yiwu Hua Hao Toys Co.*, No. 2:18-CV-01530-RAJ, 2019 WL 6310564, at *3 (W.D. Wash. Nov. 25, 2019) (denying motion for alternative service on defendants "where Plaintiff ha[d] identified physical addresses in China," but had not attempted service or demonstrated that defendants were "elusive or otherwise striving to evade service of process").[2] On this record, it appears that Plaintiff "requests alternative service merely because it is easier and quicker than other means of service, but the desire for expedience and efficiency alone is not sufficient to justify alternative service." *Akerson Enters.*, 2024 WL 3510934, at *4 (citation modified); *see also Molloy v. Triwin, Inc.*, No. CV 23-4317-GW-ASX, 2023 WL 11979757, at *2 (C.D. Cal. Sept. 22, 2023) ("The Hague Convention exists for a reason. If a plaintiff could avoid its effect simply because of an assertion—justified or not—that service pursuant thereto would be impractical, expensive, or would take time,

---

[2] The Court struck from the record Plaintiff's "Request for Prompt Ruling on Pending Motion for Alternative Service, or, in the alternative, Motion to Extend Service Deadline," which incorrectly asserted that Plaintiff's deadline to serve Defendants will expire on November 18, 2025. Dkt. No. 31 at 1. Despite Defendants' appearance in this case, Dkt. Nos. 17–19, Plaintiff improperly noted its motion for the same day. LCR 7(d)(1) (listing categories of motions for which same-day noting is permitted); *see also* LCR 7(j). Moreover, "a prompt ruling" is not a cognizable category of relief. Finally, the Court notes that when defendants have no valid address for service in the United States and the plaintiff seeks to serve them pursuant to Rule 4(f), Rule 4(m)'s 90-day time limit for service does not apply. Fed. R. Civ. P. 4(m) ("This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1)[.]"); *Lucas v. Natoli*, 936 F.2d 432, 432–33 (9th Cir. 1991).

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ALTERNATIVE SERVICE - 6

it would be little more than an internationally agreed-upon dead letter."). Plaintiff's motion for alternative service upon Xu is accordingly denied.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion, Dkt. No. 30, is GRANTED IN PART and DENIED IN PART as described above. Should Plaintiff renew its motion at a later date with respect to Xu, it must demonstrate that service by alternate means is necessary and that its proposed alternative form of service would be permitted under the Hague Convention or one of its exceptions, and by other applicable law. *See, e.g.*, *Rio Props.*, 284 F.3d at 1014–15 & n.4 ("A federal court would be prohibited from issuing a Rule 4(f)(3) order in contravention of an international agreement, including the Hague Convention referenced in Rule 4(f)(1).").

Dated this 18th day of November, 2025.

*Lauren King*
Lauren King
United States District Judge