UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YIWU JIEYA E-COMMERCE CO. LTD., | CASE NO. 2:25-cv-01595-LK |
| Plaintiff, | ORDER GRANTING MOTION TO STAY |
| v. | |
| LIANG XU et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff Yiwu Jieya E-Commerce Co. Ltd.'s motion to stay. Dkt. No. 42. Yiwu seeks to stay the deadlines set forth in the Court's scheduling order, Dkt. No. 37, "pending completion of service on Defendant Liang Xu . . . in China under the Hague Convention." Dkt. No. 42 at 1. Yiwu notes that the "case is currently in a procedural posture where neither Defendant is meaningfully participating," such that "neither Defendant has provided substantive infringement allegations or participated in the contentions exchange, and Plaintiff's continued discovery and disclosures under the existing schedule would therefore be inefficient and of little practical value." *Id.* at 1–2.

ORDER GRANTING MOTION TO STAY - 1

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Court "may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). In considering whether to grant a stay, courts consider several factors, including "the possible damage which may result," "the hardship or inequity which a party may suffer in being required to go forward," and "the orderly course of justice[.]" *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time" unless "the plaintiff shows good cause for the failure[.]" However, because Yiwu is seeking to serve Xu in China pursuant to Rule 4(f)(1), Rule 4(m)'s time limits do not apply. Fed. R. Civ. P. 4(m) ("This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1)[.]"); *Lucas v. Natoli*, 936 F.2d 432, 432–33 (9th Cir. 1991). That is not to say that the time for service is limitless. The circuits that have addressed this issue have held that plaintiffs must exercise reasonable diligence in attempting service to avoid dismissal under Rule 4(f). *See, e.g., Harris v. Orange S.A.*, 636 F. App'x 476, 485–86 (11th Cir. 2015); *Lozano v. Bosdet*, 693 F.3d 485, 489 (5th Cir. 2012); *Feliz v. MacNeill*, 493 F. App'x 128, 133 (1st Cir. 2012); *Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005).[1] Such approach is consistent with "procedures commonly used prior to the enactment of Rule 4(m) or its

---

[1] This Court does not read *Lucas v. Natoli* to hold that no time limit attaches to service of a foreign defendant; instead; the Ninth Circuit merely held that the time limit specified in 4(m) does not apply to such service. 936 F.2d at 432–33.

ORDER GRANTING MOTION TO STAY - 2

predecessor Rule 4(j).” *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952 (7th Cir. 2000).

Yiwu filed its complaint in this case on August 20, 2025, Dkt. No. 1, followed by a motion for a temporary restraining order (“TRO”) on September 8, 2025, Dkt. No. 7. On September 10, 2025, counsel for Defendants Liang Xu and JUDYBRIDAL appeared in the case. Dkt. Nos. 17, 19. On September 19, 2025, the Court granted Yiwu's motion for a TRO prohibiting Defendants from submitting further infringement complaints about certain Yiwu rotating desk organizers to online platforms and ordering Defendants to retract their prior patent infringement complaints against Yiwu's rotating desk organizers on the Amazon platform. Dkt. No. 25 at 12. On October 3, 2025, the Court granted Yiwu's motion for a preliminary injunction providing the same relief. Dkt. No. 29.

On November 18, 2025, the Court granted in part and denied in part Yiwu's motion for alternative service. Dkt. No. 34. Specifically, the Court granted Yiwu's request to serve JUDYBRIDAL at its counsel's physical address, but it denied Yiwu's request to serve Xu in the same manner because Yiwu failed to demonstrate that the particularities and necessities of the case required alternate service for him. *Id.* at 4–7. On December 4, 2025, the Court entered a scheduling order. Dkt. No. 37.

Yiwu subsequently served JUDYBRIDAL via the approved method, and the Court entered default against JUDYBRIDAL on January 21, 2026. Dkt. Nos. 38, 40. Yiwu then filed its motion to stay the case, indicating that it was “preparing certified translations and Hague service materials, and anticipate[d] service [on Xu] may take up to twelve months from submission to completion.” Dkt. No. 42 at 2. On April 10, 2026, the parties submitted a joint status report stating that neither Defendant “intend[ed] to continue participating in this matter and would not oppose a motion for entry of default.” Dkt. No. 43 at 2. In addition, the parties informed the Court that “Defendants'

ORDER GRANTING MOTION TO STAY - 3

counsel [wa]s being terminated by Defendants" and would "be moving to withdraw shortly." *Id.* On May 21, 2026, the Court granted Defendants' counsel's motion to withdraw. Dkt. No. 47.

Under these circumstances, the Court finds that a stay is merited. First, it does not appear that any party will be prejudiced or suffer any damage as a result of the stay. The Court has already entered a preliminary injunction, JUDYBRIDAL is not participating in this case, and discovery will be fruitless absent Defendants' participation in the case. Second, the orderly course of justice would be served by a stay, since absent service and appearance of Xu, a scheduling order is pointless. Furthermore, to the extent neither Defendant participates in this case post-service, it would be most efficient for Yiwu to seek default judgment contemporaneously against both Defendants.

The Court thus GRANTS Yiwu's motion to stay deadlines while it continues to attempt to serve Xu; provided, however, that the stay does not excuse Yiwu from its obligation to exercise reasonable diligence in its attempts to serve Xu.

Accordingly, the Court ORDERS as follows:

(1) The deadlines set forth in the Court's scheduling order, Dkt. No. 37, are stayed pending completion of Hague Convention service on Defendant Liang Xu, or until further order of the Court.

(2) Yiwu shall file a status report by August 22, 2026 confirming whether service on Xu has been effectuated and detailing Yiwu's reasonable diligence in attempting service. If service under the Hague Convention has not succeeded by this date, Yiwu may renew its motion for alternative service with respect to Xu. Should it do so, it must demonstrate that service by alternate means is necessary and that its proposed alternative form of service would be permitted under the Hague Convention or one of its exceptions, and by other applicable law. *See Rio Props.,*

ORDER GRANTING MOTION TO STAY - 4

*Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014–15 & n.4 (9th Cir. 2002) ("A federal court would be prohibited from issuing a Rule 4(f)(3) order in contravention of an international agreement, including the Hague Convention referenced in Rule 4(f)(1).").

(3)    This stay is without prejudice to Yiwu's pursuit of default judgment against Defendant JUDYBRIDAL.

Dated this 9th day of June, 2026.

Lauren King
United States District Judge

ORDER GRANTING MOTION TO STAY - 5