UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YIWU JIEYA E-COMMERCE CO. LTD., Plaintiff, v. LIANG XU et al., Defendants. | CASE NO. 2:25-cv-01595-LK<br>ORDER DENYING RENEWED MOTION FOR ALTERNATIVE SERVICE |

This matter comes before the Court on Plaintiff Yiwu Jieya E-Commerce Co. Ltd.'s renewed motion for alternative service. Dkt. No. 50. For the following reasons, the Court denies the motion.

## I. BACKGROUND

The Court adopts the factual background set forth in its September 19, 2025 Order, Dkt. No. 25, and sets out additional relevant facts below.

Yiwu filed its complaint in this case on August 20, 2025, Dkt. No. 1, followed by a motion for a temporary restraining order ("TRO") on September 8, 2025, Dkt. No. 7. On September 19,

2025, the Court granted Yiwu's motion for a TRO prohibiting Defendants from submitting further infringement complaints to online platforms and ordering Defendants to retract their prior patent infringement complaints against Yiwu's rotating desk organizers on the Amazon platform. Dkt. No. 25 at 12. On October 3, 2025, the Court granted Yiwu's motion for a preliminary injunction providing the same relief. Dkt. No. 29.

Yiwu filed its first motion for alternative service on October 23, 2025, which the Court granted in part and denied in part. Dkt. Nos. 30, 34. Specifically, the Court granted Yiwu's request to serve Defendant JUDYBRIDAL at its counsel's U.S. physical address, but it denied Yiwu's request to serve Defendant Liang Xu, a Chinese national, in the same manner because Yiwu failed to demonstrate that the particularities and necessities of the case required alternate service for him. Dkt. No. 34 at 4–7. Yiwu subsequently served JUDYBRIDAL via the approved method, and the Court entered default against JUDYBRIDAL on January 21, 2026. Dkt. Nos. 38, 40. On May 21, 2026, the Court granted Defendants' counsel's request to withdraw. Dkt. Nos. 46–47; *see* Dkt. No. 46-1 at 2 (noting that Xu "will not oppose a motion by Plaintiff for entry of default judgment."). On June 9, 2026, the Court granted Yiwu's motion to stay case deadlines and ordered that, if Yiwu sought to renew its motion for alternative service with respect to Xu, "it must demonstrate that service by alternate means is necessary and that its proposed alternative form of service would be permitted under the Hague Convention or one of its exceptions, and by other applicable law." Dkt. No. 48 at 4; *see also* Dkt. No. 34 at 7.

On July 7, 2026, pursuant to Federal Rule of Civil Procedure 4(f)(3), Yiwu filed a renewed motion for alternative service of process on Xu. Dkt. No. 50.

## II. DISCUSSION

In its renewed motion, Yiwu indicates that, per the Court's direction, it "prepared and submitted a formal Hague Convention service request to China's Central Authority" and that "the

Ministry of Justice of the People's Republic of China . . . certif[ied] that service on Xu could not be completed[.]" *Id.* at 1. Specifically, the "Suzhou Xiangcheng District People's Court" certified that "court personnel attempted in-person delivery at Xu's address—Room 104, Building 26, Charm Garden, Xiangcheng District, Suzhou, Jiangsu 215100—but the door was closed, no one responded after repeated knocking, and service could not be completed." Dkt. No. 50 at 1–2. Yiwu now seeks an order "authorizing service by email to . . . the same [email] address that previously provided actual notice of this case and prompted Xu's appearance through U.S. counsel—and, as additional notice channels, to the USPTO patent correspondence [email] addresses of record for U.S. Patent No. 12,274,337 B2[.]" *Id.* at 2.

**A. Legal Standard**

Federal Rule of Civil Procedure 4(f) allows service to "an individual in a foreign country" by: (1) "any internationally agreed means of service that is reasonably calculated to give notice," such as those authorized by the Hague Service Convention; (2) if there is no internationally agreed means, in accordance with the foreign country's law; or (3) "by other means not prohibited by international agreement, as the court orders." Although a party is not required to attempt service by other methods before petitioning the court for alternate service of process pursuant to Rule 4(f)(3), whether "the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)" is "commit[ted] to the sound discretion of the district court[.]" *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). "Use of the [Hague Service] Convention procedures, when available, is mandatory if documents must be transmitted abroad to effect service." Fed. R. Civ. P. 4(f), advisory committee notes to 1993 amendments. A method of service of process "must also comport with constitutional notions of due process" and be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency

of the action and afford them an opportunity to present their objections." *Rio Props.*, 284 F.3d at 1016 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

**B. Yiwu Must Attempt to Serve Xu at His Listed Address**

As the Court has previously noted, the Hague Service Convention applies in civil or commercial cases in which judicial or extrajudicial documents are transmitted for service abroad, but does "not apply where the address of the person to be served with the document is not known." Dkt. No. 34 at 4; *see* Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention"), Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638, art. 1. Under the Hague Service Convention, to which both China and the United States are signatories, each member state provides a "central authority" that is responsible for receiving and effecting service from abroad consistent with the member state's domestic policies. *See* HCCH, *Status Table* (Mar. 21, 2024), *available at* https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited Aug. 26, 2026); *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698–99 (1988). The Hague Service Convention "specifies certain approved methods of service and 'pre-empts inconsistent methods of service' wherever it applies." *Water Splash, Inc. v. Menon*, 581 U.S. 271, 273 (2017) (quoting *Schlunk*, 486 U.S. at 699).

Article 10(a) of the Hague Service Convention indicates that the Convention does "not interfere" with "the freedom to send judicial documents, by postal channels, directly to persons abroad," provided that "the State of destination does not object[.]" As the Convention was signed in 1965 before email existed, it does not mention email. Courts are split over whether "postal channels" encompasses electronic channels such as email. *Compare, e.g.*, *Smart Study Co. v. Acuteye-Us*, 620 F. Supp. 3d 1382, 1396 (S.D.N.Y. 2022) ("*Water Splash* and *Schlunk* clarify that the Convention is meant to set forth simple and certain methods of service that can be used to serve

foreign litigants. To infer that the Convention's silence as to a particular method equates to an implied permission to use virtually *any* method of service not proscribed by the Convention contravenes that purpose" and would leave State Parties with "no ready way to object to" such methods.); *Facebook, Inc. v. 9 Xiu Network (Shenzhen) Tech. Co.*, 480 F. Supp. 3d 977, 987 (N.D. Cal. 2020) ("Service by e-mail on defendants in China is not one of the Hague Service Convention's approved methods of service. Thus, unless an exception to the Convention applies, service by e-mail on the China-based defendants in question here cannot be authorized under Rule 4(f)(3)."), *with WeWork Companies Inc. v. WePlus (Shanghai) Tech. Co.*, No. 5:18-CV-04543-EJD, 2019 WL 8810350, at *2 (N.D. Cal. Jan. 10, 2019) (finding that "China's objection to Article 10 regarding postal service does not mean that email service is 'prohibited by international agreement'" and allowing service via email); *see also Dongguan Naquan E-Com. Co. v. Binovo Mfg. Co.*, 350 F.R.D. 648, 653 n.4 (W.D. Wash. 2025) (noting a "split in this district's decisions" on the topic).

The Ninth Circuit has not directly addressed this issue; *Rio Properties* concerned service to a defendant in Costa Rica, which is not a signatory to the Hague Service Convention. However, it did note that "[a] federal court would be prohibited from issuing a Rule 4(f)(3) order in contravention of an international agreement, including the Hague Convention referenced in Rule 4(f)(1)." *Rio Props.*, 284 F.3d at 1015 n.4. The only appellate court to address the issue held that email service is prohibited by the Hague Service Convention, and thus improper under Rule 4(f)(3). *Smart Study Co., Ltd v. Shenzhenshixindajixieyouxiangongsi*, 164 F.4th 164, 172 (2d Cir. 2025). The court reasoned that the Hague Service Convention "creates a closed universe of simple and certain means of serving parties in foreign countries" and therefore, "unless the Convention does not apply by its own terms, any method of service not approved by the Convention is effectively prohibited under Rule 4(f)(3)." *Id.* at 171 (quoting *Schlunk*, 486 U.S. at 705–06, and

Maggie Gardner, *Parochial Procedure*, 69 Stan. L. Rev. 941, 1000 (2017)). The court further observed that reading "implicit permission" into the silence regarding email in the Hague Service Convention "would render meaningless its 'approved methods of service,' encouraging end-runs around the very system it created." *Id.* (quoting *Water Splash*, 581 U.S. at 273); *see also Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co.*, 177 F.4th 793, 800 (7th Cir. 2026) ("The Convention's text and structure demonstrate that, where it applies, it provides the permissible means of service and excludes all others. And because no provision of the Convention authorizes service by email in China, such service violates the Convention and Rule 4(f)(3).").

In July 2024, the Special Commission on the Practical Operation of the 1965 Service, 1970 Evidence, and 1980 Access to Justice Conventions—a body that meets "to review the practical operation of" the Hague Service Convention and "adopt[s] Conclusions & Recommendations . . . aimed at promoting best practices and improving [the Convention's] operation," *Post Convention Work*, Hague Conference on Private International Law, https://www.hcch.net/en/projects/post-convention-projects (last visited August 27, 2026)—issued Conclusions and Recommendations regarding "service by digital means" and "[a]lternative channels of transmission." *See* Special Commission on the Practical Operation of the 1965 Service, 1970 Evidence and 1980 Access to Justice Conventions, *Conclusions & Recommendations (C&R)* ¶¶ 71, 74–75, 105 (July 2024), https://assets.hcch.net/docs/6aef5b3a-a02c-408f-8277-8c995d56f255.pdf (the "2024 Conclusions and Recommendations") (last visited August 27, 2026). The Special Commission noted that "the operation of the Convention is to be considered in light of a business environment which relies on IT, and that the electronic transmission of judicial communications is a growing part of that environment and its use should be encouraged." *Id.* ¶ 71. It also concluded and recommended that "Article 10(a) includes transmission and service by e-mail, insofar as such method is provided by the law of the State of origin and permitted under the law of the State of destination"; "Contracting

Parties may impose other requirements and safeguards regarding the use of e-mail under Article 10(a)[.]" *Id.* ¶¶ 105–06. The Commission further noted "that a Contracting Party, rather than filing a blanket opposition to the use of postal channels under Article 10(a), is allowed to make a qualified declaration stating the conditions in which that Contracting Party accepts incoming transmissions[.]" *Id.* ¶ 107.

China, the State of destination here, has filed a blanket objection to Article 10(a). *See Declaration/Reservation/Notification*, Hague Conference on Private International Law, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=393&disp=resdn (last visited August 27, 2026) (China "oppose[s] the service of documents in the territory of the People's Republic of China by the methods provided by Article 10 of the Convention."). China has not narrowed its objection since the Special Commission's 2024 meeting, in which it participated, or since the publication of the 2024 Conclusions and Recommendations. *See* 2024 Conclusions and Recommendations at 1 n.1. The Court therefore construes China's objection to cover service by e-mail. Accordingly, even if Article 10(a) permits email service, it "does not help [Yiwu], since Article 10(a) applies only if 'the State of destination does not object[.]'" *Smart Study Co., Ltd*, 164 F.4th at 170; *see also Kangol*, 177 F.4th at 801 ("[W]e need not and do not resolve whether Article 10(a) permits email service, because it's undisputed that China has objected to service under Article 10(a). . . . So even if Article 10(a) otherwise permits service by email as a type of postal channel, Article 10(a) doesn't apply here."); *Sec. & Exch. Comm'n v. Lahr*, No. 22-2497, 2024 WL 3518309, at *5 n.17 (3d Cir. July 24, 2024) ("Switzerland has objected to Article 10(a), so we need not address whether Article 10(a)'s use of the phrase 'postal channel' includes email service.").

Although Yiwu contends that it has "no other known physical address for Xu," Dkt. No. 50 at 6, Xu's filings in this case indicate that his address "where notices, pleadings, and other

papers may be served" is not the Jiangsu address at which Yiwu attempted in-person service, but rather "No. 9, Guanhai Road, Dongcheng Subdistrict, Sihui City, Guangdong Province, China." Dkt. No. 46-1 at 2.[1] Thus, this is not a case in which "the address of the person to be served with the document is not known," Hague Service Convention, art. 1, and service on Xu via email is not permissible. Although the court is "mindful of the difficulties companies face in policing . . . infringement abroad, particularly in China," the Hague Service Convention "was not designed to ensure that the service of process in China is as efficient and fast as domestic service in the United States under the Federal Rules of Civil Procedure." *Smart Study Co., Ltd*, 164 F.4th at 173.

## III. CONCLUSION

For the foregoing reasons, Yiwu's motion for alternative service, Dkt. No. 50, is DENIED. The Court previously stayed case deadlines "pending completion of Hague Service Convention service on Defendant Liang Xu, or until further order of the Court," Dkt. No. 48 at 4, and now extends the stay for the same reasons articulated in its prior order. *See generally* Dkt. No. 48. Yiwu shall file a status report by November 30, 2026 confirming whether service on Xu has been effectuated and detailing Yiwu's reasonable diligence in attempting service.

Dated this 28th day of August, 2026.

Lauren King
United States District Judge

[1] He also provides a different email address. *See id.*